**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BANK OF AMERICA, NA, FKA Countrywide Home Loans Servicing, LP, Successor by Merger to BAC Home Loans Servicing, LP, <br><br> Plaintiff-counter-defendant-Appellant, <br><br> v. <br><br> TRAVATA AND MONTAGE AT SUMMERLIN CENTRE HOMEOWNERS' ASSOCIATION; et al., <br><br> Defendants-Appellees, <br><br> NV EAGLES, LLC, <br><br> Defendant-counter-claimant-Appellee. | No. 17-16718 <br><br> D.C. No. 2:16-cv-00345-JCM-GWF <br><br> **MEMORANDUM**<sup>*</sup> |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

---

        <sup>*</sup>     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted January 23, 2020[**]
San Francisco, California

Before: W. FLETCHER and R. NELSON, Circuit Judges, and SESSIONS,[***] District Judge.

Plaintiff-Appellant Bank of America, N.A. ("BANA") appeals the district court's grant of summary judgment in favor of Defendant-Appellees Travata and Montage at Summerlin Centre Homeowners' Association ("Travata"), Nevada Association Services, Inc. ("NAS"), Underwood Partners, LLC ("Underwood"), and NV Eagles, LLC ("NV Eagles") on claims to quiet title to a property in the Summerlin Village common interest community in Las Vegas, Nevada. We reverse.

The district court erred in rejecting BANA's argument that its tender of nine months of unpaid homeowners' association assessments satisfied the superpriority portion of Travata's lien on the property and preserved BANA's first security interest. BANA tendered a check for $594, which the notice of delinquency reflects was the correct calculation of nine months of unpaid assessments. The notice of delinquency does not reflect any charges for maintenance or nuisance abatement.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

Under Nevada law, made clear after the decision by the district court, the superpriority portion of a homeowners' association lien under Nev. Rev. Stat. § 116.3116 includes only charges for maintenance or nuisance abatement and nine months' worth of delinquent assessments. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (2019) (citing *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117–18 (Nev. 2018) ("*Diamond Spur*")). BANA's valid tender discharged the superpriority portion of Travata's lien. *See Diamond Spur*, 427 P.3d at 117.

Defendants-Appellees argue that BANA's tender included improper conditions and that NAS had a good-faith basis for rejecting it. The Supreme Court of Nevada rejected these arguments on nearly identical facts in *Diamond Spur*. A party offering tender may insist that acceptance constitutes payment in full of its obligations, and a homeowners' association does not act in good faith when it rejects tender of the superpriority portion of a lien and demands payment of the entire lien. *See id.* at 118–19.

BANA's tender of the superpriority portion of Travata's lien discharged that portion of the lien and preserved BANA's first security interest. This holding fully resolves this appeal and provides BANA all the relief it seeks. We therefore decline to address BANA's constitutional and equitable claims.

**REVERSED.**