**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PROF-2013-S3 LEGAL TITLE TRUST V, By U.S. Bank National Association as Legal Title Trustee,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>FLYING FROG AVENUE TRUST; VENEZIA COMMUNITY ASSOCIATION; RED ROCK FINANCIAL SERVICES, LLC,<br><br>Defendants-Appellees. | No. 18-17048<br><br>D.C. No. 2:17-cv-01933-JCM-GWF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 27, 2020[**]
Las Vegas, Nevada

Before: W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

This case arises out of a homeowners' association (HOA) non-judicial foreclosure sale in Las Vegas, Nevada. The plaintiff, Prof-2013-S3 Legal Title Trust V by U.S. Bank National Association as Legal Title Trustee (U.S. Bank), seeks to determine the effect of the 2013 non-judicial foreclosure sale of a home on which it claims a deed of trust. U.S. Bank, as legal title trustee, sued the foreclosure-sale purchaser, Flying Frog Avenue Trust, for a declaration that the HOA sale did not extinguish its deed of trust. U.S. Bank and Flying Frog cross-moved for summary judgment. The district court denied U.S. Bank's motion and granted Flying Frog's because (1) the amount tendered was insufficient to discharge the lien, (2) Nevada's HOA foreclosure scheme was constitutional, and (3) the sale was commercially reasonable. We reverse.

The district court erred in rejecting U.S. Bank's argument that its predecessor's tender of more than nine months' unpaid HOA assessments satisfied the superpriority portion of the HOA's lien on the property and preserved U.S. Bank's predecessor's first security interest. Under Nevada law—decided after the district court's order in this case—the amount necessary to discharge an HOA's superpriority lien is nine months' unpaid assessments and any maintenance and nuisance abatement amounts. *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117–18 (Nev. 2018) ("*Diamond Spur*") (en banc). U.S. Bank's

predecessor tendered the necessary amount here. The valid tender discharged the superpriority amount of the HOA's lien. *Id.*

Flying Frog's various arguments against this conclusion fail. First, Flying Frog cites no authority to support its contention that certain sections of the Restatement (Third) of Property: Mortgages supersede the clear statement of law from the Nevada Supreme Court. The remainder of Flying Frog's arguments have been expressly rejected by the Nevada Supreme Court and this court. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) (per curiam); *Diamond Spur*, 427 P.3d at 118–21.

U.S. Bank's predecessor's tender of the superpriority portion of the HOA lien discharged that portion of the lien and preserved the first security interest. This holding fully resolves this appeal and provides U.S. Bank all the relief it seeks. We therefore need not address the remainder of U.S. Bank's claims.

REVERSED.