NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARRINGTON MORTGAGE SERVICES, LLC,<br><br>      Plaintiff-counter-defendant-Appellee,<br><br> v.<br><br>LIBERTY AT MAYFIELD COMMUNITY ASSOCIATION,<br><br>      Defendant,<br><br> and<br><br>SFR INVESTMENTS POOL 1, LLC,<br><br>      Defendant-counter-claimant-Appellant. | No.   19-15911<br><br>D.C. No.<br>2:17-cv-01530-JAD-PAL<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted July 14, 2020**
San Francisco, California

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: IKUTA and HURWITZ, Circuit Judges, and TAGLE,[***] District Judge.

In 2009, two individuals purchased a Nevada residence with a loan secured by a deed of trust; Bank of America later acquired the deed of trust. After the buyers failed to pay assessments of the Liberty at Mayfield Community Association (the "HOA"), the HOA recorded a Notice of Default and Election to Sell. Bank of America's attorneys obtained the account ledger identifying the total amount due and tendered a cashier's check for nine months of HOA dues. The HOA rejected the tender and sold the property at a nonjudicial foreclosure sale in 2013 to SFR Investments Pool 1, LLC.

Bank of America later assigned the deed of trust to Carrington Mortgage Services, LLC. In 2017, Carrington brought this quiet title action against SFR and the HOA, alleging that the deed of trust still encumbered the property. The district court entered summary judgment for Carrington. We have jurisdiction over SFR's appeal pursuant to 28 U.S.C. § 1291 and affirm.

1. Carrington had standing to bring a quiet title action. Carrington proffered unrebutted evidence that it was assigned the deed of trust. *See Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 260 (Nev. 2012). A quiet title action is simply a judicial determination of the claimed interests in real property. *See Chapman v.*

---

[***] The Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, sitting by designation.

*Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106–07 (Nev. 2013) (citing Nev. Rev. Stat. § 40.010). A deed of trust establishes the holder's interest in the property even if separated from the promissory note. *Edelstein*, 286 P.3d at 259–60; *see also In re Montierth*, 354 P.3d 648, 650–51 (Nev. 2015).

2.     Bank of America's tender satisfied the superpriority portion of the HOA lien. Because the HOA's ledger did not list any charges for maintenance or nuisance abatement, the tender of nine months of HOA dues covered the entire superpriority amount. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) (per curiam). Even assuming the tender letter inaccurately claimed that certain charges were junior to the deed of trust, no such charges are at issue and thus the purported misstatement did not alter the tender's legal effect. *See Bank of Am., N.A. v. SFR Investments Pool 1, LLC (Diamond Spur)*, 427 P.3d 113, 118, 121 (Nev. 2018) (en banc). And, the misstatement did not make the tender impermissibly conditional because it did not require anything of the HOA. *See id.* at 118; *see also Alliant Commercial, LLC v. Bank of N.Y. Mellon*, 443 P.3d 544 (Nev. 2019) (unpublished table decision) (analyzing a nearly identical tender letter).

3.     SFR's purported status as a bona fide purchaser ("BFP") does not affect the result. "A party's status as a BFP is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Diamond Spur*, 427 P.3d at 121. "A foreclosure

sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default." *Id.*

**AFFIRMED.**