**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 31 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CARRINGTON MORTGAGE SERVICES, LLC,

      Plaintiff-counter-
      defendant-Appellee,

 v.

CACTUS SPRINGS AT FAIRFAX VILLAGE HOMEOWNERS ASSOCIATION; HAMPTON & HAMPTON COLLECTIONS, LLC,

      Defendants-cross-
      defendants,

 and

SATICOY BAY, LLC SERIES 6709 BRICK HOUSE,

      Defendant-counter-claimant-
      cross-claimant-Appellant.

No.   19-16229

D.C. No.
2:15-cv-01852-APG-BNW

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 14, 2020[]
San Francisco, California

Before: IKUTA and HURWITZ, Circuit Judges, and TAGLE,[***] District Judge.

In 2006, two individuals purchased a Nevada residence with a loan secured by a deed of trust. Bank of America subsequently acquired the deed of trust. After the homeowners failed to pay assessments to the Cactus Springs at Fairfax Village HOA ("HOA"), the HOA mailed a Notice of Delinquent Assessment Lien on September 20, 2011, and recorded a Notice of Default and Election to Sell against the property on October 27, 2011. Bank of America's attorneys obtained the HOA account ledger identifying the assessments due and tendered a cashier's check for nine months of HOA dues. The HOA's attorneys accepted the tender. Bank of America later assigned the deed of trust to Carrington Mortgage Services, LLC ("Carrington").

The HOA recorded another Notice of Default on April 28, 2014. The default was based on the September 20, 2011 Notice of Delinquent Assessment. The HOA recorded a Trustee's Deed Upon Sale for the property to Saticoy Bay, LLC ("Saticoy Bay") on June 30, 2015. Carrington brought this quiet title action against the HOA,

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, sitting by designation.

its agent, and Saticoy Bay alleging the deed of trust still encumbered the property. The district court entered summary judgment for Carrington. We have jurisdiction over Saticoy Bay's appeal pursuant to 28 U.S.C. § 1291 and affirm.

1. Carrington had standing to bring a quiet title action because it was assigned the deed of trust. *See Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 260 (Nev. 2012). A quiet title action is simply a judicial determination of the claimed interests in real property. *See Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106–07 (Nev. 2013) (citing Nev. Rev. Stat. § 40.010). A deed of trust establishes the holder's interest in the property even if separated from the promissory note. *Edelstein*, 286 P.3d at 259–60; *see also In re Montierth*, 354 P.3d 648, 650–51 (Nev. 2015). The holder of a deed of trust can preserve its interest by tendering to the HOA the superpriority portion of the HOA's lien, which is made up of nine months of unpaid HOA dues and any unpaid charges for maintenance and nuisance abatement. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) (per curiam).

2. Bank of America's tender satisfied the superpriority portion of the HOA lien and preserved the interest now held by Carrington. *See id.* The HOA's ledger did not list any charges for maintenance or nuisance abatement, so the tender of nine months of HOA dues covered the entire superpriority amount. *See id.*

3

3. The lack of recording of the satisfaction and Saticoy Bay's bona fide purchaser ("BFP") status did not alter the legal effect of the tender. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC (Diamond Spur)*, 427 P.3d 113, 118, 121 (Nev. 2018) (en banc). "A party's status as a BFP is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Id.* at 121. *"*Tendering the superpriority portion of an HOA lien does not create, alienate, assign, or surrender an interest in land. Rather, it *preserves* a pre-existing interest, which does not require recording." *Id.* at 119. The restarting of the foreclosure process with another Notice of Default in 2014 also did not affect the legal operation of Bank of America's tender because the second Notice of Default was based on the original September 20, 2011 Notice of Delinquent Assessment. *See Prop. Plus Invs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 401 P.3d 728, 732 (Nev. 2017). "A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default." *Diamond Spur,* 427 P.3d at 121.[1]

**AFFIRMED**.

---

[1] Because we affirm the district court's ruling on these grounds, we need not reach Saticoy Bay's other arguments regarding the foreclosure process.