NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF NEW YORK MELLON, as Trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust 2006-OA8, Mortgage Pass-Through Certificates, Series 2006-OA8,<br><br>    Plaintiff-counter-<br>    defendant-Appellee,<br><br>  v.<br><br>MIRA VISTA HOMEOWNERS ASSOCIATION; TERRA WEST COLLECTIONS GROUP LLC,<br><br>    Defendants-cross-<br>    defendants-Appellees,<br><br>SATICOY BAY LLC SERIES 8453 VAST HORIZON,<br><br>    Defendant-counter-claimant-<br>    cross-claimant-Appellant. | No.   19-16400<br><br>D.C. No.<br>2:17-cv-01013-RFB-GWF<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted August 12, 2020[]
San Francisco, California

Before: GRABER and BRESS, Circuit Judges, and DAWSON,[***] District Judge.

Saticoy Bay LLC Series 8453 Vast Horizon ("Saticoy Bay") appeals the district court's grant of summary judgment in favor of the Bank of New York Mellon ("BNYM") on BNYM's claim to quiet title for property located at 8453 Vast Horizon Avenue in Las Vegas, Nevada (the "property"). Reviewing de novo, *CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n*, 962 F.3d 1103, 1106 (9th Cir. 2020), we affirm.

After a homeowners association ("HOA") initiated foreclosure proceedings on the property due to the owner's failure to pay HOA dues, *see* Nev. Rev. Stat. § 116.3116,[1] Bank of America, N.A.—which was servicing the loan on BNYM's behalf—tendered the superpriority amount of the HOA's lien. The HOA rejected the tender and sold the property to Saticoy Bay at a foreclosure sale. But, because Bank of America made a valid tender for the superpriority amount of the HOA's

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

[1] All citations to the Nevada Revised Statutes are to the version of the code in effect at the time of the foreclosure sale.

lien, BNYM's deed of trust was not extinguished by the foreclosure sale. Saticoy Bay thus took title subject to the first deed of trust. *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) (per curiam) ("*Arlington West*"); *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117–18 (Nev. 2018) (en banc) ("*Diamond Spur*"). Saticoy Bay's efforts to invalidate Bank of America's tender fail.

*First*, Bank of America's tender was not impermissibly conditional because it was accompanied by a letter that (according to Saticoy Bay) incorrectly stated that the superpriority lien included only nine months of assessments, but not maintenance and nuisance abatement charges. Even assuming that the letter misstated the law, it did not require the HOA to affirm any legal proposition to accept the tender. Instead, it stated that BNYM's financial obligations to the HOA would be paid in full—which was a permissible condition. *See Diamond Spur*, 427 P.3d at 118; *Arlington West*, 920 F.3d at 623. Moreover, there were no maintenance or nuisance abatement charges at issue, so the alleged misstatement did not render the tender invalid.

*Second*, Saticoy Bay errs in claiming the HOA had a good-faith reason to reject the tender because the HOA reasonably believed the superpriority amount included more than just nine months of assessments and charges for nuisance abatement and maintenance. "As the Nevada Supreme Court has held, a plain reading of Nev. Rev. Stat. § 116.3116 indicates that the superpriority portion of the

3

lien includes only those amounts." *Arlington West*, 920 F.3d at 623 (citing *Diamond Spur*, 427 P.3d at 117–19). The HOA "therefore had no basis for believing that Bank of America's tender was insufficient." *Id.*

*Third*, under Nevada law there was no requirement to record the tender. *See Diamond Spur*, 427 P.3d at 119 (holding that "NRS 111.315 did not require Bank of America to record its tender").

*Finally*, Saticoy Bay argues that the district court did not properly weigh the equities before granting relief from the recital of default in the foreclosure deed. This argument fails under *Diamond Spur*, as the tender discharged the superpriority lien "by operation of law." *Id.* at 120.

**AFFIRMED.**