NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 4 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | No. 18-15745 |
| Plaintiff-Appellee, | D.C. No. 2:15-cv-01992-LDG-CWH |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, | MEMORANDUM* |
| Defendant-Appellant, | |
| GIAVANNA HOMEOWNERS ASSOCIATION, | |
| Defendant-Appellee, | |
| v. | |
| BANK OF AMERICA, NA, | |
| Cross-Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, District Judge, Presiding

Argued and Submitted October 29, 2020
Portland, Oregon

Before: TASHIMA, GRABER, and IKUTA, Circuit Judges.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

In this timely appeal pursuant to Federal Rule of Civil Procedure 54(b), Defendant SFR Investments Pool 1, LLC, challenges the district court's grant of partial summary judgment in favor of Plaintiff and Counter-Defendant Nationstar Mortgage, LLC, and Cross-Defendant Bank of America, N.A.  Reviewing de novo, CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n, 962 F.3d 1103, 1106 (9th Cir. 2020), we affirm.

Because Bank of America tendered payment for the full amount of the superpriority lien, the foreclosure sale was void as a matter of law.  Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n, 920 F.3d 620, 622–23 (9th Cir. 2019) (per curiam); Bank of Am., N.A. v. SFR Invs. Pool 1, LLC (Diamond Spur), 427 P.3d 113, 117–19 (Nev. 2018) (en banc).  We therefore do not reach the district court's two alternative grounds.

1.  The amount of the tender was equal to or greater than the superpriority portion of the lien.  See Diamond Spur, 427 P.3d at 117 ("Valid tender requires payment in full.").  Bank of America's check for $821.25 equaled nine overdue assessments of $91.25 each.  The ledger provided by the Giavanna Homeowners Association "did not indicate that the property had incurred any charges for maintenance or nuisance abatement, which are the only other fees that could have been included in the superpriority amount.  The tender thus was sufficient." Arlington W., 920 F.3d at 623 (citation omitted).

2

2.  The tender contained no impermissible conditions.  See, e.g., <u>Diamond Spur</u>, 427 P.3d at 118 (holding that a nearly identical letter contained no impermissible conditions).

3.  No genuine issue of material fact exists as to whether Bank of America's agent—the law firm of Miles, Bauer, Bergstrom & Winters LLP—actually delivered the check.  The district court permissibly rejected SFR's evidentiary objections to the affidavit of Douglas Miles and its attachments.  See <u>Lowry v. City of San Diego</u>, 858 F.3d 1248, 1256 (9th Cir. 2017) (en banc) ("Evidentiary rulings made in the context of summary judgment motions are reviewed for abuse of discretion and can only be reversed if both manifestly erroneous and prejudicial." (ellipsis and internal quotation marks omitted)).  The affidavit, a copy of the check, and a screenshot from the law firm's case management software demonstrated delivery.  We are unpersuaded, on this record, that the lack of other evidence creates a genuine issue of material fact.

4.  We have considered SFR's other arguments, but we find them unpersuasive.

**AFFIRMED.**

3