FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BANK OF AMERICA, N.A.,
            *Plaintiff-Appellant*,

v.

ARLINGTON WEST TWILIGHT
HOMEOWNERS ASSOCIATION;
THOMAS JESSUP, LLC; THOMAS
JESSUP, LLC, SERIES IV; ALESSI &
KOENIG, LLC,
            *Defendants-Appellees.*

No. 17-15796

D.C. No.
2:16-cv-00650-
JCM-CWH

OPINION

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted March 11, 2019
San Francisco, California

Filed April 3, 2019

Before:  William A. Fletcher, Paul J. Watford,
and Andrew D. Hurwitz, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

---

### Nevada Foreclosure Law

The panel reversed the district court's summary judgment entered in favor of a homeowners' association ("HOA") in a diversity action brought by Bank of America, N.A., after the HOA conducted a foreclosure on residential real property in Las Vegas, Nevada.

The property was in a neighborhood governed by the defendant HOA, and the original owners purchased the property using a mortgage insured by the Federal Housing Administration. The deed of trust securing the loan was later assigned to Bank of America.

The State of Nevada grants HOAs a lien with superpriority status on property governed by the association. The portion of the lien with superpriority status consists of the last nine months of unpaid HOA dues and any unpaid maintenance and nuisance-abatement charges. Nev. Rev. Stat. § 116.3116(2).

Concerning Bank of America's quiet title claim, the panel held that pursuant to the Nevada Supreme Court's decision in *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev. 2018), the bank's tender of $423, based on the ledger provided by the HOA, plainly satisfied the superpriority portion of the HOA's lien. The panel rejected

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the HOA's argument that it had a good-faith basis for rejecting the tender.

The panel rejected Bank of America's argument that the Nevada HOA lien statute violated the Due Process Clause. The panel held that *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir., 2016) (holding that Nev. Rev. Stat. § 116.3116 *et seq.* was facially unconstitutional because it contained an impermissible opt-in notice scheme), no longer controlled the issue in light of the Nevada Supreme Court's decision in *SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248, 150-53 (Nev. 2018), which clarified that Nev. Rev. Stat. § 116.31168(1) incorporated the mandatory notice requirements of Nev. Rev. Stat. § 1107.090. The panel concluded that Nev. Rev. Stat. § 116.3116 *et seq.* was not facially unconstitutional on the basis of an impermissible opt-in scheme, and Bank of America received actual notice in this case.

The panel agreed with the Nevada Supreme Court's decision in *Renfroe v. Lakeview Loan Servicing, LLC*, 398 P.3d 904 (Nev. 2017), which held that Nev. Rev. Stat. § 116.3116 *et seq.* was not preempted by the federal mortgage insurance program.

---

## COUNSEL

Ariel E. Stern (argued) and William S. Habdas, Akerman LLP, Las Vegas, Nevada, for Plaintiff-Appellant.

John William Ebert (argued) and David A. Markman, Lipson Neilson Cole Seltzer & Garin P.C., Las Vegas, Nevada, for Defendant-Appellee Arlington West Twilight Homeowners Association.

Karen L. Hanks (argued) and Richard L. Tobler, Las Vegas, Nevada, for Defendants-Appellees Thomas Jessup LLC and Thomas Jessup LLC, Series IV.

No appearance for Defendant-Appellee Alessi & Koenig LLC.

---

## OPINION

PER CURIAM:

The State of Nevada has established a statutory scheme that grants a homeowners association (HOA) a lien with superpriority status on property governed by the association. *See SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 409–14 (Nev. 2014). The portion of the lien with superpriority status consists of the last nine months of unpaid HOA dues and any unpaid maintenance and nuisance-abatement charges. Nev. Rev. Stat. § 116.3116(2).[1] The rest of the lien, consisting of all other outstanding fees, does not get superpriority status. With a few exceptions, the superpriority portion is superior to all other liens on the property, including the first deed of trust held by the mortgage lender. This means that an HOA can extinguish the first deed of trust by foreclosing on its superpriority lien. *See SFR Invs. Pool 1*, 334 P.3d at 412–14.

This case involves residential real property in Las Vegas, Nevada. The property is a single-family home located in a

---

[1] This opinion refers to the version of the Nevada provisions in effect in 2010–2012, when the foreclosure proceedings in this case took place. The Nevada legislature made significant amendments to these provisions in 2015.

neighborhood governed by defendant Arlington West Twilight Homeowners Association. The original owners of the home purchased the property in 2008 using a mortgage insured by the Federal Housing Administration (FHA). The deed of trust securing the loan was later assigned to plaintiff Bank of America, N.A.

In 2010, the original owners fell behind on their monthly HOA dues to Arlington West. Arlington West, acting through a trustee, defendant Alessi & Koenig, LLC, initiated foreclosure proceedings, recording a notice of delinquent assessment lien and a notice of default and election to sell. After receiving the notice of default, Bank of America asked Arlington West to identify the superpriority portion of its lien, seeking to pay that amount and thereby protect the bank's first deed of trust. Arlington West instead only provided the bank with a ledger, which showed the total amount due to the HOA but did not specify the superpriority amount. Based on the ledger, Bank of America determined that the monthly HOA dues were $47 and calculated the superpriority amount as $423. The bank then tendered that amount to Arlington West. However, Arlington West rejected the payment as insufficient and held a foreclosure sale. Defendant Thomas Jessup, LLC, bought the property and later assigned its interest to defendant Thomas Jessup, LLC, Series IV.

Bank of America sued Arlington West, Alessi & Koenig, and the Jessup entities, asserting claims for: (1) quiet title and declaratory judgment against all defendants; (2) breach of Nev. Rev. Stat. § 116.1113 against Arlington West and Alessi & Koenig; and (3) wrongful foreclosure against Arlington West and Alessi & Koenig. The district court dismissed the claims for breach of § 116.1113 and wrongful foreclosure. The court later granted summary judgment to

Arlington West and Thomas Jessup, LLC, Series IV, on the quiet title claim.   Bank of America appeals from the summary judgment.

I

In order to prevail on its quiet title claim, Bank of America must prove that its interest in the property is superior to that of every other party in the suit.  *See Chapman v. Deutsche Bank Nat'l Tr. Co.*, 302 P.3d 1103, 1106 (Nev. 2013).  The district court concluded that Bank of America did not establish that its tender of $423 was sufficient to satisfy Arlington West's superpriority lien and thereby establish the bank's superior interest as the holder of the first deed of trust.   The court therefore granted summary judgment to defendants on the quiet title claim.  We disagree and reverse.

The Nevada Supreme Court's decision in *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113 (Nev. 2018), issued after the district court ruled, resolves the question before us.  In that case, the Nevada Supreme Court held that the holder of the first deed of trust can establish the superiority of its interest by showing that its tender satisfied the superpriority portion of the HOA's lien.  *See id.* at 117–18.  The full superpriority amount consists of nine months of unpaid HOA dues and any unpaid charges for maintenance and nuisance abatement.  *See id.*  If the HOA's ledger does not show any charges for maintenance or nuisance abatement, a tender of nine months of HOA dues is sufficient.  *See id.* at 118.

Under the Nevada Supreme Court's decision, the bank's tender plainly satisfied the superpriority portion of Arlington West's lien.  Based on the ledger provided by Arlington West, the bank tendered what it calculated to be nine months

of HOA dues ($423), and Arlington West does not dispute that this amount was correctly calculated. The ledger did not indicate that the property had incurred any charges for maintenance or nuisance abatement, which are the only other fees that could have been included in the superpriority amount. *See id.* The tender thus was sufficient. Therefore, Bank of America was entitled to insist on the condition it imposed in its tender, which was that acceptance would satisfy the HOA's superpriority lien. *See id.*

Arlington West argues that it had a good-faith basis for rejecting the tender, even if the bank's tender was sufficient and valid. According to Arlington West, it believed at the time of tender that the superpriority amount consisted of more than nine months of HOA dues and charges for maintenance and nuisance abatement. We reject that argument. As the Nevada Supreme Court has held, a plain reading of Nev. Rev. Stat. § 116.3116 indicates that the superpriority portion of the lien includes only those amounts. *See id.* at 117–19. Arlington West therefore had no basis for believing that Bank of America's tender was insufficient.[2]

## II

Relying on our decision in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), Bank of America argues that the Nevada HOA lien statute violates the Due Process Clause. In that case, we held that Nev. Rev. Stat. § 116.3116 *et seq.* is facially unconstitutional because it contains an impermissible opt-in notice scheme. *Id.* at 1156. We interpreted the statutory scheme as requiring an

---

[2] Arlington West also argues that it is not a proper party to the quiet title claim. The district court did not address that issue in the first instance, so we do not reach it here.

HOA to provide notice to a junior interest holder about the HOA's intent to foreclose only if the interest holder has requested notice. *Id.* at 1158. The district court in this case nonetheless rejected Bank of America's due process argument on the ground that Arlington West had provided actual notice to the bank.

We affirm the district court's ruling but for different reasons. The bank's due process argument fails because the Nevada Supreme Court later rejected *Bourne Valley*'s interpretation of the Nevada statutory scheme. *See SFR Invs. Pool 1, LLC v. Bank of N.Y. Mellon*, 422 P.3d 1248 (Nev. 2018). There, the Nevada Supreme Court clarified that Nev. Rev. Stat. § 116.31168(1) incorporates the mandatory notice requirements of Nev. Rev. Stat. § 107.090. *Id.* at 1250–53. Thus, an HOA must give notice to all junior interest holders regardless of any request. In light of that decision, *Bourne Valley* no longer controls the analysis, and we conclude that Nev. Rev. Stat. § 116.3116 *et seq.* is not facially unconstitutional on the basis of an impermissible opt-in notice scheme. Bank of America does not dispute that it received actual notice in this case. Its due process rights were therefore not violated.

III

Bank of America also argues that the Nevada lien statute is preempted by the federal mortgage insurance program. The district court rejected the bank's argument on the ground that the FHA, which carries out the insurance program, is not a party to the case. As Bank of America correctly contends, the district court erred in suggesting that the FHA must be joined as a party before a preemption argument can be raised. Nevertheless, we agree with the Nevada Supreme Court's decision in *Renfroe v. Lakeview Loan Servicing,*

*LLC*, 398 P.3d 904 (Nev. 2017), which held that Nev. Rev. Stat. § 116.3116 *et seq.* is not preempted.

The FHA insurance program allows the Department of Housing and Urban Development (HUD) to insure home loans made by private lenders. Two of the program's goals are to help homeowners avoid foreclosure when possible and to protect the lender's (and thus HUD's) interest in the property in the event of a foreclosure. *See Renfroe*, 398 P.3d at 906–08; 24 C.F.R. §§ 203.501, 291.1(a)(2).

The Nevada statutory scheme does not conflict with these goals. Under Nevada law, a private lender can preserve its first deed of trust on a property and help homeowners explore alternatives to foreclosure by paying off the superpriority portion of the HOA's lien. *See Bank of Am.*, 427 P.3d at 117–18, 121. In fact, HUD has recommended use of this course of action to satisfy both the federal mortgage insurance program and state HOA lien statutes. *See* HUD, Mortgagee Letter 13-18, *Updated Clarification Regarding Title Approval at Conveyance*, 2013 WL 2448985, at *1–2 (May 31, 2013); HUD, Mortgagee Letter 2002-19, *Clarification Regarding Title Approval Issues, Property Condition at Conveyance, Administrative Offsets and a New Process for Lender Appeal of Conveyance Issues*, 2002 WL 32083150, at *1–2 (Sept. 20, 2002). We therefore conclude that Nev. Rev. Stat. § 116.3116 *et seq.* is not preempted.

**REVERSED and REMANDED.**