**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 31 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA Bank of New York, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2005-41, Mortgage Pass-Through Certificates, Series 2005-41, | No.    18-16342 |
| | D.C. No. 2:17-cv-02177-JCM-NJK |
| Plaintiff-Appellant, | MEMORANDUM* |
| v. | |
| SPRING MOUNTAIN RANCH MASTER ASSOCIATION; 8933 SQUARE KNOT TRUST, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted March 27, 2020**
Las Vegas, Nevada

Before:  W. FLETCHER, BYBEE, and WATFORD, Circuit Judges.

The Bank of New York Mellon (BNYM) seeks reversal of the district

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's order granting the motion for summary judgment filed by defendant/counter-claimant 8933 Square Knot Trust (the Trust) on the Trust's claim for quiet title, and dismissing as moot BNYM's motion for summary judgment on its own claim for quiet title. We reverse the district court's order granting the Trust's motion for summary judgment and remand for further proceedings consistent with this disposition.

**1.** When the district court ruled, it did not have the benefit of the Nevada Supreme Court's decision in *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113 (Nev. 2018) (en banc). There, the court held that the holder of a first deed of trust can preserve its interest by tendering the superpriority portion due on a homeowners association's lien, which consists of nine months of unpaid dues and any unpaid charges for maintenance and nuisance abatement. *Id.* at 116–18.

BNYM's predecessor complied with this requirement by tendering payment of $535.50 prior to the foreclosure sale. Nine months of unpaid dues totaled $531.00. Because the ledger provided by the homeowners association did not reflect any charges for maintenance or nuisance abatement, a tender of $535.50 was sufficient to satisfy the superpriority portion of the lien. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) (per curiam); *SFR Investments Pool 1*, 427 P.3d at 118. Accordingly, the

foreclosure sale did not extinguish BNYM's deed of trust.  *See SFR Investments Pool 1*, 427 P.3d at 116.

2.  We affirm the district court's holding that the Trust's counterclaim was timely.  The Trust acquired its interest in the property in June 2012 and filed its counterclaim more than five years later, on October 30, 2017—soon after it first learned of BNYM's competing interest in the property.  BNYM filed its claim for quiet title in August 2017.  Although Nevada law provides a five-year statute of limitations for a claim for quiet title, which accrues once the plaintiff or her predecessor acquires her interest in the property, *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 388 P.3d 226, 232 (Nev. 2017), a party cannot reasonably be expected to file a claim for quiet title before she is aware of a competing interest in the property.  Absent any binding authority suggesting that Nevada law requires a party to file a claim for quiet title before she has reason to believe that doing so is necessary, we decline to reverse the district court's judgment on that basis.

We leave for the district court on remand to address in the first instance the Trust's bona fide purchaser argument, which the court did not reach below, and which the parties have not briefed.

3.  BNYM asserted its own claim for quiet title against the Trust and Spring Mountain Ranch Master Association (Spring Mountain).  Spring Mountain filed a

motion to dismiss BNYM's claim for quiet title on the ground that the claim was barred by the statute of limitations. The district court granted that motion, and thereafter dismissed as moot BNYM's motion for summary judgment on its claim for quiet title against the Trust. BNYM has waived any challenge to those rulings by not presenting arguments against them in its briefs on appeal.

In light of our reversal of the district court's ruling on the Trust's motion for summary judgment on its claim for quiet title, we remand to the district court for further proceedings consistent with this disposition.

**AFFIRMED in part, REVERSED in part, and REMANDED.**