NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, Plaintiff-counter-defendant-Appellee, v. THE SPRINGS AT SPANISH TRAIL ASSOCIATION, Defendant, and SATICOY BAY, LLC, SERIES 6974 EMERALD SPRINGS, Defendant-counter-claimant-Appellant. | No. 19-16244 D.C. No. 2:15-cv-01217-JAD-GWF MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted July 9, 2020[**]
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Before:  HAWKINS, D.M. FISHER,[***] and M. SMITH, Circuit Judges.

The district court granted Nationstar Mortgage LLC summary judgment, concluding that a valid tender of the superpriority portion of a homeowners association's (HOA) lien on a property in Las Vegas, Nevada, preserved the original deed of trust, to which Nationstar succeeded. The property's purchaser at the HOA's non-judicial foreclosure sale, Saticoy Bay, LLC, appeals. We have jurisdiction under 28 U.S.C. § 1291, and affirm.[1]

Five of Saticoy Bay's arguments are foreclosed under Nev. Rev. Stat. § 116.3116(2) (2011), our precedent, and the Nevada Supreme Court's decision in *Bank of America, N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113 (Nev. 2018) (*Diamond Spur*) (en banc).[2]

First, recorded notice of payment of the superpriority portion was not necessary to preserve the deed of trust. "A valid tender of payment operates to discharge a lien or cure a default." *Diamond Spur*, 427 P.3d at 117. And a "plain reading of [§ 116.3116(2)] indicates that the superpriority portion of an HOA lien

---

[***] The Honorable D. Michael Fisher, United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

[1] "We review de novo a district court's order granting summary judgment." *CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n*, __ F.3d __, 2020 WL 3396305, at *3 (9th Cir. June 19, 2020).

[2] Although the Nevada legislature amended § 116.3116 in 2012, and that version was at issue in *Diamond Spur*, the relevant provisions for our purposes here are the same.

includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Id.* The district court found that the law firm of Miles, Bauer, Bergstrom & Winters, LLP (Miles Bauer) validly tendered the correct amount, and Saticoy Bay does not argue to the contrary.

Second, the condition Miles Bauer placed upon its tender did not preclude acceptance of the payment. The Nevada Supreme Court rejected a similar argument in *Diamond Spur*, and, as the district court pointed out, the tender condition here is the exact same as the one at issue there. *See* 427 P.3d at 118; *see also Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) (per curiam). We are bound to apply Nevada law, and *Diamond Spur* remains good law. *See, e.g.*, *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 348-49 (Nev. 2020) (en banc).

*Arlington West* and *Diamond Spur* likewise foreclose Saticoy Bay's contentions that the HOA had a good-faith reason to believe the superpriority portion of its lien was not limited to the amount Miles Bauer tendered; that the tender was an assignment of property that had to be recorded; and that Saticoy Bay should be protected as a bona fide purchaser of the property. *See Arlington West*, 920 F.3d at 623; *Diamond Spur*, 427 P.3d at 119-21.

Saticoy Bay presses only one issue not addressed specifically in these cases. The district court, it says, "was still required to weigh the equities" even though it

3

"found that Miles Bauer made a valid tender." Yet, apart from all else, *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp, Inc.*, 366 P.3d 1105 (Nev. 2016) (en banc), did not concern a valid tender of the superpriority portion of an HOA lien to preserve a first deed of trust, and the Court in *Diamond Spur* exercised no such discretion.

Finally, because we, like the district court, conclude that the foreclosure sale did not extinguish Nationstar's deed of trust, we need not decide whether Nev. Rev. Stat. § 116.31168 is unconstitutional, or whether the sale should be set aside on an equitable basis.

**AFFIRMED.**