NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. BANK, N.A., as Trustee for Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2006-BC1, | No. 18-17383 |
| Plaintiff-counter-defendant-Appellant, | D.C. No. 2:17-cv-01220-JCM-VCF |
| v. | MEMORANDUM* |
| SEASONS AT ALIANTE COMMUNITY ASSOCIATION; TERRA WEST COLLECTIONS GROUP, LLC, DBA Assessment Management Services, | |
| Defendants-Appellees, | |
| SFR INVESTMENTS POOL 1, LLC, | |
| Defendant-counter-claimant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted November 30, 2020**
San Francisco, California

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: M. SMITH and HURWITZ, Circuit Judges, and ROYAL,*** District Judge.

This action seeks to quiet title to a residential property. The district court held that a nonjudicial foreclosure sale to SFR Investments Pool 1, LLC ("SFR"), by Seasons at Aliante Community Associations (the "HOA") pursuant to Nevada Revised Statutes Sections 116.3116 *et seq.* ("Chapter 116") extinguished U.S. Bank's deed of trust. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.      U.S. Bank's argument that a nonjudicial foreclosure under Chapter 116 violates the Takings Clause is foreclosed by our decision in *Wells Fargo Bank, National Ass'n v. Mahogany Meadows Avenue Trust*, No. 18-17320, – F.3d – , 2020 WL 6498000, at *6 (9th Cir. Nov. 5, 2020).

2.      U.S. Bank's due process claims fail because the bank received timely notice of the foreclosure sale that satisfied all statutory requirements. U.S. Bank's argument that the notice provisions of Chapter 116 are constitutionally deficient is foreclosed by *Bank of America, National Ass'n v. Arlington West Twilight Homeowners Ass'n*, 920 F.3d 620, 624 (9th Cir. 2019); *see also Mahogany Meadows*, 2020 WL 6498000, at *6.

---

***      The Honorable C. Ashley Royal, United States District Judge for the Middle District of Georgia, sitting by designation.

3. U.S. Bank's claim that the HOA foreclosure sale was commercially unreasonable is also unavailing. Although the sale price was 8.4 percent of the fair market value estimated by U.S. Bank's appraiser, "mere inadequacy of price is not in itself sufficient to set aside the foreclosure sale." *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 648 (Nev. 2017). Rather, "there must also be a showing of fraud, unfairness, or oppression." *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1112 (Nev. 2016). U.S. Bank has not met this standard because it has not identified "any irregularity in the foreclosure proceedings affect[ing] the sale price." *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 449 P.3d 461, 466 (Nev. 2019).

4. SFR is a bona fide purchaser. "A subsequent purchaser is bona fide . . . if it takes the property for a valuable consideration and without notice of the prior equity, and without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry." *Shadow Wood*, 366 P.3d at 1115 (cleaned up). There is no evidence that SFR "had any notice of the pre-sale dispute between" U.S. Bank and the HOA, *id.* at 1116, and the mere fact that SFR "purchased the property for an amount lower than the property's actual worth . . . did not in itself put [SFR] on notice that anything was amiss with the sale," *id.* at 1115 (cleaned up).

**AFFIRMED**.

3