**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

DEC 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. BANK, N.A., Trustee for the Certificateholders of Harborview Mortgage Loan Trust 2005-08, Mortgage Loan Pass-Through Certificates, Series 2005-08, <br><br>      Plaintiff-counter-defendant-Appellee, <br><br>  v. <br><br> HERITAGE ESTATES HOMEOWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC., <br><br>      Defendants, <br><br>  and <br><br> SFR INVESTMENTS POOL 1, LLC, <br><br>      Defendant-counter-claimant-Appellant. | No.    19-15349 <br><br> DC No. 2:16-cv-1385-GMN <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 11, 2020[]
San Francisco, California

Before:     TASHIMA, TALLMAN, and MURGUIA, Circuit Judges.

SFR Investments Pool 1, LLC ("SFR"), appeals from the judgment entered in favor of U.S. Bank, N.A. after the district court granted summary judgment in favor of U.S. Bank on SFR's claim to quiet title.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.**     Applying de novo review, *CitiMortg., Inc. v. Corte Madera Homeowners Ass'n*, 962 F.3d 1103, 1106 (9th Cir. 2020), we conclude that SFR did not raise a triable issue of fact as to whether U.S. Bank properly tendered payment of Heritage Estates Homeowners Association's ("HOA") superpriority lien to Nevada Association Services ("NAS").  U.S. Bank produced evidence that its estimate of HOA's lien was accurate, including a statement of account on which the Miles Bauer law firm relied to estimate the quarterly assessment amount, and deposition testimony from representatives of both NAS and HOA confirming that Miles Bauer's estimate of the quarterly assessments was accurate.  Regarding delivery, U.S. Bank presented an affidavit and deposition testimony by attorneys

---

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

from Miles Bauer regarding the letters the law firm drafted and delivered to NAS requesting proof of the amount of HOA's superpriority lien and offering the tender, as well as exhibits showing the letters, the tender of payment, and the check Miles Bauer sent.

SFR's argument that Miles Bauer did not contact HOA or NAS to verify the superpriority amount thus must be rejected. Contrary to SFR's contention, the NAS representative did not testify that NAS did not receive Miles Bauer's letter and check, but that she could not verify whether or not it did. Her testimony also established that there were no maintenance or nuisance abatement charges outstanding.

U.S. Bank's evidence established that it tendered the superpriority lien amount. SFR questions the accuracy of U.S. Bank's evidence, but it has not presented any contrary evidence and thus has failed to raise a triable issue of fact regarding the tender and amount of the superpriority lien.

**2.** Miles Bauer's letter accompanying the tender did not violate the statutory scheme by requiring HOA to agree to subordinate a portion of its lien. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117 (Nev. 2018) (en banc) ("*Diamond Spur*") ("A plain reading of this statute [§ 116.3116(2)] indicates that the superpriority portion of an HOA lien includes only charges for

maintenance and nuisance abatement, and nine months of unpaid assessments.");
*see also Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) (per curiam) ("The full superpriority amount consists of nine months of unpaid HOA dues and any unpaid charges for maintenance and nuisance abatement. If the HOA's ledger does not show any charges for maintenance or nuisance abatement, a tender of nine months of HOA dues is sufficient.") (internal citations omitted).

3.    U.S. Bank's tender was not impermissibly conditional. The letter accompanying the tender correctly set forth the law and used the same language as that found permissible by the Nevada Supreme Court. *See Diamond Spur*, 427 P.3d at 118. U.S. Bank had "a legal right to insist" that "acceptance of the tender would satisfy the superiority [sic] portion of the lien, preserving [U.S. Bank's] interest in the property." *Id.*

**AFFIRMED.**