NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CITIBANK, NA, not in its individual capacity, but solely as trustee of NRZ Pass-Through Trust VI, | No. 19-16642 |
| Plaintiff-Counter-Defendant-Appellant, | D.C. No. 2:15-cv-01178-RFB-NJK |
| v. | MEMORANDUM* |
| RIVERWALK HOMEOWNERS ASSOCIATION, | |
| Defendant-Appellee, | |
| JERRY GUTZMER, | |
| Defendant-Counter-Claimant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted October 29, 2020
Portland, Oregon

Before: TASHIMA, GRABER, and IKUTA, Circuit Judges.
Dissent by Judge IKUTA

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiff Citibank, NA, timely appeals the summary judgment in favor of Defendants Riverwalk Homeowners Association ("Riverwalk HOA") and Jerry Gutzmer, in this action concerning a foreclosure sale of real property in Nevada by Riverwalk HOA. Reviewing de novo, CitiMortgage, Inc. v. Corte Madera Homeowners Ass'n, 962 F.3d 1103, 1106 (9th Cir. 2020), we affirm.

1. The district court correctly held that no equitable basis exists for setting aside the sale. Even assuming that statements in the Covenants, Conditions and Restrictions ("CC&Rs") document by Riverwalk HOA constituted unfairness, Citibank has not pointed to any evidence, such as its own reliance on the statements not to contest the sale, that the statements affected the sale. U.S. Bank, N.A. v. White Horse Estates Homeowners Ass'n, No. 19-17033 [citation pending] (9th Cir. 2021).

2. The district court correctly granted summary judgment to Riverwalk HOA on Citibank's claim of a breach of the statutory duty of good faith, Nev. Rev. Stat. § 116.1113.[1] None of the three aspects of the CC&Rs cited by Citibank supports its claim.

First, both Nevada law and other provisions in the CC&Rs clearly superseded the CC&Rs' mortgage-savings provision. Nev. Rev. Stat. §§ 116.1104,

---

[1] All citations to the Nevada Revised Statutes are to the version of the code in effect at the time of the foreclosure sale.

116.1206(1); <u>SFR Invs. Pool 1, LLC v. U.S. Bank N.A.</u>, 334 P.3d 408, 419 (Nev. 2014) (en banc). Accordingly, that provision gave rise to no duty on the part of Riverwalk HOA, and Citibank cannot bring a breach of good faith claim. <u>See</u> <u>Mann St. Tr. v. Elsinore Homeowners Ass'n</u>, 466 P.3d 540 (table), 2020 WL 3470345, at *1 (Nev. 2020) (unpublished) ("Dismissal of appellant's NRS 116.1113 claim was also appropriate because respondent did not have a duty to [take a certain action].").

Second, the CC&Rs' provision that allowed an action at law to recover delinquent assessments equally allowed foreclosure; nothing suggests that Riverwalk HOA acted in bad faith by choosing one of two possible avenues of recourse.

Finally, the notice of delinquent installment lien listed all data required by the CC&Rs, including the total "amount of Assessments and other sums due." Neither the statute nor the CC&Rs required the lien to itemize the sub-charges, <u>SFR</u>, 334 P.3d at 418, so Riverwalk HOA did not breach any good-faith obligation. Moreover, as noted above, Citibank has not provided any <u>evidence</u> that an itemized list would have caused Citibank to act differently; Citibank's <u>speculation</u> that an itemized list "could have been used to calculate the superpriority portion of the HOA's lien," and could have facilitated Citibank's tender of payment does not suffice to defeat summary judgment.

3

3.  The district court correctly rejected Citibank's facial due-process challenge to Nevada's pre-2015 foreclosure-notice scheme.  Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr., 979 F.3d 1209, 1217–18 (9th Cir. 2020); Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n, 920 F.3d 620, 622, 624 (9th Cir. 2019) (per curiam).

**AFFIRMED.**

*Citibank v. Riverwalk Homeowners Association, et al.*, 19-16642

IKUTA, Circuit Judge, dissenting:

Riverwalk Homeowners Association conducted a foreclosure sale where a buyer paid a mere $11,500 for a home valued at nearly $80,000, just 14 percent of the home's value. The foreclosure sale also extinguished Citibank's first deed of trust, which secured a loan of some $223,000. Citibank suffered this fate because it failed to pay the small superpriority portion of Riverwalk's $2,335 lien. In erasing Citibank's lien, Riverwalk contravened the mortgage protection clause in its Covenants, Conditions, and Restrictions (CC&Rs), which stated that no lien for assessments would "defeat or render invalid the rights of the Beneficiary under any Recorded First Deed of Trust."

The Nevada Supreme Court has clarified that "where the inadequacy of the price is great, a court may grant relief based on *slight* evidence of fraud, unfairness, or oppression," and "an HOA's representation that the foreclosure sale will not extinguish the first deed of trust" constitutes such evidence. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 741, 749 & n. 11 (2017) (emphasis added). Based on *Shadow Canyon*—the only published decision of the Nevada Supreme Court on this issue—the mortgage protection clause in the CC&Rs provides a basis for Citibank's claim.

As I explained in my dissent in *U.S. Bank v. White Horse*, 19-17033, – F.3d

–, (9th Cir. 2021) (Ikuta, J., dissenting), the Nevada Supreme Court—not this court—should resolve any tension between *Shadow Canyon* and unpublished opinions of the Nevada Supreme Court indicating, without reasoning, that a mortgage protection clause alone is not sufficient evidence of fraud, oppression or unfairness.  Therefore, I would certify to the Nevada Supreme Court the question whether Riverwalk's misleading CC&Rs constitute slight evidence of fraud, unfairness, or oppression which provides a basis for setting aside the sale of the property for 14 percent of its value.