NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NATIONSTAR MORTGAGE LLC,

      Plaintiff-counter-
defendant-Appellee,

  v.

SATICOY BAY LLC SERIES 6132
PEGGOTTY,

      Defendant-counter-
claimant-Appellant.

No.   20-15212

D.C. No.
2:16-cv-01834-APG-EJY

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted April 13, 2021[**]
Pasadena, California

Before: PAEZ and VANDYKE, Circuit Judges, and GLEASON,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

Saticoy Bay LLC Series 6132 Peggotty ("Saticoy Bay") appeals the district court's order granting summary judgment to Nationstar Mortgage LLC ("Nationstar") finding that Nationstar's predecessor preserved its deed of trust by tendering the superpriority amount prior to the Copperfield Homeowners Association's ("HOA") foreclosure sale of a residential property. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the district court's order granting summary judgment and its interpretation of state law de novo. *Tabares v. City of Huntington Beach*, 988 F.3d 1119, 1124 (9th Cir. 2021). We affirm.

Nationstar has sufficiently established that prior to the foreclosure sale, its predecessor tendered nine months of unpaid HOA assessments totaling $324.00 to the HOA's agent, who rejected the payment.[1] Thus, the superpriority portion of the HOA's lien was extinguished and Saticoy Bay took ownership of the property subject to the deed of trust. *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) (*Arlington West*) (Under Nevada law, "the holder of the first deed of trust can establish the superiority of its interest by showing that its tender satisfied the superpriority portion of the HOA's lien.").[2]

---

[1] The tender was made through counsel for Nationstar's predecessor to the HOA's agent, Red Rock Financial Services.

[2] At the time of the tender and prior to a 2015 amendment, the superpriority portion of an HOA lien under NRS 116.3116 included "only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Bank of Am., N.A.*

Saticoy Bay does not dispute that Nationstar's predecessor tendered the full superpriority amount. Instead, Saticoy Bay pursues several arguments that are squarely foreclosed by binding precedent. For example, Saticoy Bay's status as a bona fide purchaser is immaterial. *See Diamond Spur*, 427 P.3d at 119 ("Tendering the superpriority portion of an HOA lien . . . does not require recording."). Likewise, Saticoy Bay's assertion that the tender was rejected in good faith is irrelevant. *Saticoy Bay LLC Series 133 McLaren v. Green Tree Serv. LLC*, 478 P.3d 376, 379 (Nev. 2020) (en banc) ("An alleged good-faith basis for rejecting a timely, complete tender is not relevant because . . . the tender itself cures the default 'by operation of law.'"). And Nationstar's predecessor was entitled to insist on the condition that acceptance would satisfy the full amount of the superpriority lien without invalidating the tender. *Arlington West*, 920 F.3d at 623.

Saticoy Bay also provides a lengthy argument for why it should prevail based on the equities, relying heavily on *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp, Inc.*, 366 P.3d 1105 (Nev. 2016). But the Supreme Court of Nevada recently rejected this very argument based on *Shadow Wood* because tender cures the default "*by operation of law*" and "without regard to equitable concerns." *Green Tree Serv. LLC*, 478 P.3d at 379.

---

*v. SFR Invests. Pool 1, LLC*, 427 P.3d 113, 117 (Nev. 2018) (en banc), *as amended on denial of reh'g* (Nov. 13, 2018) (*Diamond Spur*).

Because we find that the deed of trust was preserved, we do not reach Nationstar's due process arguments.

**AFFIRMED**.