**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 14 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DITECH FINANCIAL LLC, | No.   20-15609 |
| Plaintiff-Appellee, | D.C. No.<br>2:16-cv-02615-RFB-VCF |
| v. | |
| T-SHACK, INC., | MEMORANDUM[*] |
| Defendant-Appellant, | |
| and | |
| SUNDANCE HOMEOWNERS<br>ASSOCIATION, INC., | |
| Defendant. | |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted June 7, 2021[**]
Pasadena, California

Before:  GRABER, CALLAHAN, and FORREST, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Defendant T-Shack, Inc., timely appeals the summary judgment in favor of Plaintiff Ditech Financial LLC ("Ditech"). In 2013, Defendant purchased a property in Nevada at a foreclosure sale by a homeowners association ("HOA"). The district court held that, at the time of the sale, Federal National Mortgage Association ("Fannie Mae") had a secured property interest and that, by operation of the Federal Foreclosure Bar, 12 U.S.C. § 4617(j)(3), the sale did not extinguish the deed of trust. The court declared that Defendant owns the property subject to the deed of trust. Reviewing de novo, Berezovsky v. Moniz, 869 F.3d 923, 927 (9th Cir. 2017), we affirm.

Under Nevada law, a foreclosure by an HOA may, in some circumstances, extinguish an existing deed of trust. See generally Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n, 920 F.3d 620, 621–22 (9th Cir. 2019) (per curiam). But the Federal Foreclosure Bar preempts that result where, at the time of sale: (1) Fannie Mae or the Federal Home Loan Mortgage Company ("Freddie Mac") has a secured interest in the property; (2) those organizations are under conservatorship by the Federal Housing Finance Agency ("Agency"); and (3) the Agency has not consented to the foreclosure sale. 12 U.S.C. § 4617(j)(3); Berezovsky, 869 F.3d at 928–31; Saticoy Bay LLC Series 9641 Christine View v. FNMA, 417 P.3d 363, 367–68 (Nev. 2018) (en banc).

2

1.  The district court correctly held that no genuine issue of material fact exists as to Fannie Mae's property interest at the time of the foreclosure sale in 2013.  Business records and sworn declarations by employees of Fannie Mae and Ditech sufficiently establish that, in 2013, Fannie Mae owned the note.  Nationstar Mortg. LLC v. Saticoy Bay LLC, Series 9229 Millikan Ave., 996 F.3d 950, 956 (9th Cir. 2021).  Additionally, Fannie Mae's Servicing Guide requires the servicer to prepare and record a mortgage assignment whenever requested by Fannie Mae, thus establishing the requisite principal-agency relationship such that Fannie Mae possessed a secured property interest under Nevada law.  Id.  Both we and the Nevada Supreme Court have rejected the argument, advanced by Defendant here, that Fannie Mae's interest must be recorded.  Id. at 957; Daisy Tr. v. Wells Fargo Bank, N.A., 445 P.3d 846, 849 (Nev. 2019) (en banc).

The transfer in 2011 by the Mortgage Electronic Registration Systems, Inc. ("MERS") of its beneficial interest in the deed of trust to Bank of America did not transfer the note.  Unlike the recorded assignment in Edelstein v. Bank of New York Mellon, 286 P.3d 249, 252–53, 260–62 (Nev. 2012), the relevant assignment here did not include the key wording, "together with the note"; the assignment purported to transfer only the beneficial status under the deed.  Additionally, as the Nevada Supreme Court repeatedly has held in similar circumstances, pursuant to Fannie Mae's Servicing Guide, "MERS lacked authority to transfer the promissory

3

note, and [any] language in the assignment purporting to do so had no effect." Cao Limin v. Bank of Am., N.A., 456 P.3d 589, 2020 WL 405391, at *1 n.2 (Nev. Jan. 23, 2020) (unpublished) (citing § A2-1-04 of Fannie Mae's Servicing Guide); accord Radecki v. Bank of Am., N.A., 455 P.3d 845, 2020 WL 407104, at *1 n.2 (Nev. Jan. 23, 2020) (unpublished); Saticoy Bay LLC Series 1617 Joshua Tree v. Green Tree Serv. LLC, 450 P.3d 916, 2019 WL 5491008, at *1 n.2 (Nev. Oct. 24, 2019) (unpublished); RH Kids, LLC v. Nationstar Mortg., LLC, 448 P.3d 546, 2019 WL 4390764, at *1 n.2 (Nev. Sep. 12, 2019) (unpublished); J&K USA, Inc. v. Bank of Am., N.A., 448 P.3d 545, 2019 WL 4390761, at *1 n.2 (Nev. Sep. 12, 2019) (unpublished); see also U.S. Bank, N.A. v. White Horse Ests. HOA, 987 F.3d 858, 863, 865–68 (9th Cir. 2021) (holding that, in determining Nevada law, we may look to the unpublished decisions of the Nevada Supreme Court); Servicing Guide (2021) § A2-1-04 ("Fannie Mae is at all times the owner of the mortgage note."); Id. ("In addition, Fannie Mae at all times has possession of and is the holder of the mortgage note, . . . except in the limited circumstances [not present here]."). This case is therefore unlike Edelstein in a second way because the transferring bank in Edelstein delivered the note (endorsed in blank) to the receiving bank. Edelstein, 286 P.3d at 252–53, 260–62.

2. At the time of the foreclosure sale in 2013, Fannie Mae and Freddie Mac were under conservatorship. Nationstar, 996 F.3d at 955–56.

4

3.  The district court correctly held that no genuine issue of material fact exists as to whether the Agency has consented to the foreclosure sale.  The Agency has declared publicly that it has not consented to any foreclosure by an HOA, Statement on HOA Super-Priority Lien Foreclosures (Apr. 21, 2015), https://www.fhfa.gov/Media/PublicAffairs/Pages/Statement-on-HOA-Super-Priority-Lien-Foreclosures.aspx, and Defendant has not introduced any evidence to the contrary.  See Berezovsky, 869 F.3d at 929 (holding that the Federal Foreclosure Bar "cloaks Agency property with Congressional protection unless or until the Agency affirmatively relinquishes it"); accord Christine View, 417 P.3d at 368.

4.  The Federal Foreclosure Bar does not violate a purchaser's right to due process.  Fed. Home Loan Mortg. Co. v. SFR Invs. Pool 1, LLC, 893 F.3d 1136, 1147–51 (9th Cir. 2018).

**AFFIRMED.**