NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF NEW YORK MELLON, FKA Bank of New York, as Trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust 2006-OA18, Mortgage Pass-Through Certificates, Series 2006-OA18, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> 5008 SIGNAL DRIVE TRUST, <br><br> Defendant-Appellant, <br><br> and <br><br> EUPERT DUNBAR; et al., <br><br> Defendants. | No.   20-16388 <br><br> D.C. No. 2:17-cv-00544-APG-DJA <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted December 6, 2021[**]
San Francisco, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WARDLAW, BRESS, and BUMATAY, Circuit Judges.

5008 Signal Drive Trust (the Trust) appeals the district court's summary judgment in favor of Bank of New York Mellon (BNYM). The Trust contends that the district court erred by finding that BNYM adequately tendered to discharge a prior superpriority lien. We review the district court's summary judgment decision de novo, *Jones v. Union Pac. R.R. Co.*, 968 F.2d 937, 940 (9th Cir. 1992), and affirm.

1. The district court correctly found that BNYM tendered the superpriority lien amount in full. A valid tender for a superpriority lien "includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117 (Nev. 2018) (en banc). Where there is no evidence of nuisance abatement or maintenance fees at the time of tender, "a tender of nine months of [homeowner's association (HOA)] dues is sufficient." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019). To afford superpriority status to a nuisance abatement charge that occurs after a tender offer, an HOA must restart the foreclosure process. *See Prop. Plus Invs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 401 P.3d 728, 730–32 (Nev. 2017) (en banc).

Here, on February 11, 2011, the agent responsible for making the tender, Miles, Bauer, Bergstrom & Winters, LLP (Miles Bauer), tendered an amount for nine months of HOA assessments. The alleged nuisance abatement charge did not

appear on the HOA ledger until January 7, 2013. There was no new issuance of a notice of default after that date. The district court properly concluded that, without a new notice of default, the full superpriority amount included only nine months of assessments.

2. The district court also correctly found that no genuine issue of material fact exists as to whether BNYM actually delivered the check for the tender amount to the HOA. Here, BNYM proffered copies of the Miles Bauer tender letter and check, images of its case management system annotating receipt and rejection of the tender, and an affidavit attesting to the reliability of the case management system in tracking these matters. The district court correctly found that these materials established delivery of the tender amount. In its response, the Trust noted that certain types of evidence of tender delivery—a runner slip, for example—are absent from the record. But the Trust "must do more than simply show that there is some metaphysical doubt as to the material facts" already in the record. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (simplified).

3. Nor was the tender impermissibly conditioned. The Trust contends that the Miles Bauer letter contains an improper condition by categorizing certain nuisance abatement charges as junior to the first deed of trust. But the Nevada Supreme Court has already held that identical language is not an impermissible condition. *See*

3

*Alliant Com., LLC v. Bank of N.Y. Mellon*, 443 P.3d 544, at *1 (Nev. 2019) (unpublished).

4. Finally, the Trust argues that the district court was required to conduct an equitable analysis before finding a valid tender. But the Nevada Supreme Court has also rejected this argument. *See Saticoy Bay LLC Series 133 McLaren v. Green Tree Servicing LLC*, 478 P.3d 376, 379 (Nev. 2020) (holding that a "valid tender cures a default by operation of law—that is, without regard to equitable considerations" (simplified)); *see also SFR Invs. Pool 1*, 427 P.3d at 121 (observing that a party's status as a bona fide purchaser "is irrelevant when a defect in the foreclosure proceeding renders the sale void").

**AFFIRMED.**