NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BANK OF AMERICA, NA, FKA Countrywide Home Loans Servicing, LP, Successor by Merger to BAC Home Loans Servicing, LP,<br><br>    Plaintiff-counter-<br>    defendant-Appellee,<br><br> v.<br><br>ANN LOSEE HOMEOWNERS' ASSOCIATION; NEVADA NEW BUILDS, LLC; JANET MARLENY GARCIA; ABSOLUTE COLLECTION SERVICES, LLC,<br><br>    Defendants,<br><br> and<br><br>ARKHAM, LLC; ARKHAM XIII, LLC,<br><br>    Defendants-counter-<br>    claimants-Appellants. | No.   18-17319<br><br>D.C. No.<br>2:16-cv-00407-JCM-CWH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

_____

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted December 21, 2021[]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Arkham, LLC and Arkham XIII, LLC (collectively, "Arkham") appeal from the summary judgment granted to Bank of America, N.A. in this quiet title/declaratory judgment action. As the facts are known to the parties, we repeat them only as necessary to explain our decision.

Nevada law "allows homeowners associations to pursue liens on members' homes for unpaid assessments and charges." *CitiMortgage, Inc. v. Corte Madre Homeowners Ass'n*, 962 F.3d 1103, 1106 (9th Cir. 2020). "HOA liens are split into superpriority and subpriority components; the superpriority component is prior to all other liens, including first deeds of trust." *Id.* Only two components of an HOA lien enjoy superpriority over a first trust deed: "[1] charges for maintenance and nuisance abatement, and [2] nine months of unpaid assessments." *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 117 (Nev. 2018) (en banc) ("*SFR Investments*"); *see* Nev. Rev. Stat. § 116.3116(2) (2013).

"[A]n HOA can extinguish the first deed of trust by foreclosing on its superpriority lien." *Bank of Am., N.A. v. Arlington W. Twilight Homeowners*

---

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Ass'n*, 920 F.3d 620, 622 (9th Cir. 2019) (per curiam). To avoid such extinguishment, the holder of the first trust deed must pay the full superpriority component of the HOA lien—that is, nine months of fees, along with any unpaid maintenance or nuisance-abatement charges. *See SFR Invs. Pool*, 427 P.3d at 117. "If the HOA's ledger does not show any charges for maintenance or nuisance abatement, a tender of nine months of HOA dues is sufficient." *Arlington W.*, 920 F.3d at 623; *SFR Invs. Pool*, 427 P.3d at 118 (When "the HOA [does] not indicate that the property had any charges for maintenance or nuisance abatement," the first trust deed holder pays "the full superpriority amount" when it pays nine months of dues.).

The district court correctly concluded that these principles "control the . . . analysis in this case." It observed that Bank of America relied on the HOA's representations to calculate the value of nine months of assessments. It further observed that the HOA never indicated there were any unpaid maintenance or nuisance-abatement charges. Accordingly, Bank of America's tender of nine months of assessments was for the full superpriority portion of the HOA lien.

Arkham focuses its brief on a different aspect of Bank of America's tender, contending that the accompanying cover letter contained a "false and untrue statement of law" that somehow nullified the tender. In essence, Arkham attacks as "false" the letter's statement that certain sums incurred under "paragraphs (j) to

(n)" of Nev. Rev. Stat. § 116.3102—the HOA lien statute—are potentially junior to a first trust deed. Because "paragraph (j)" addresses (in part) maintenance and nuisance-abatement charges, and despite Arkham's admission that "there were no maintenance and nuisance abatement charges," Arkham apparently believes the tender was invalid *per se* as it "was conditioned upon the mandatory acceptance of a false and untrue statement of law."

Arkham's argument is meritless. It ignores crucial context: Bank of America was disputing the HOA's position that collection-related costs were properly counted in the superpriority portion of the lien. Thus, Bank of America quoted the HOA lien statute to argue that charges "pursuant to paragraphs (j) to (n)," Nev. Rev. Stat. § 116.3116(1) (2013), were junior "to the extent the lien is for fees and charges imposed for collection and/or attorney fees, collection costs, late fees, service charges and interest." This statement simply does not address the issue of whether maintenance or nuisance-abatement charges can be part of the superpriority portion of an HOA lien.

Further, Bank of America did not "condition" its tender on its alleged refusal to pay for items in "paragraph (j)." The condition in Bank of America's tender cover letter was that "[a]cceptance of" Bank of America's tender would "serve to show that [Bank of America's] Super-Priority Amount has been paid in full." Thus, as in *SFR Investments*, "Bank of America's letter stated that acceptance of

4

the tender would satisfy the superiority portion of the lien, preserving Bank of America's interest in the property. Bank of America had a legal right to insist on this." *SFR Invs.*, 427 P.3d at 607–08; *see Arlington W.*, 920 F.3d at 623 ("Bank of America was entitled to insist on the condition it imposed in its tender, which was that acceptance would satisfy the HOA's superpriority lien."). Both here and in *SFR Investments*, Bank of America paid the full amount reflected in the HOA's ledger, which in both cases did not include any maintenance or nuisance-abatement charges. *SFR Invs.*, 427 P.3d at 607. In other words, Bank of America paid what the HOA's ledger said it owed: $180.00 for nine months of dues and $0.00 for maintenance and nuisance-abatement costs. "On the record presented, this was the full superpriority amount." *See id.*

**AFFIRMED.**