NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BANK OF NEW YORK MELLON, FKA Bank of New York, as Trustee for the Certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2006-2, | No. 19-16891 |
| | D.C. No. 2:16-cv-01811-GMN-DJA |
| Plaintiff-counter-defendant-Appellee, | |
| v. | MEMORANDUM[*] |
| SOMMERSET PARK HOMEOWNERS ASSOCIATION; ALESSI & KOENIG, LLC, | |
| Defendants, | |
| and | |
| SFR INVESTMENTS POOL 1, LLC, | |
| Defendant-counter-claimant-cross-claimant-Appellant, | |
| v. | |
| HOUSEHOLD FINANCE REALTY CORPORATION OF NEVADA; et al., | |
| Cross-claim-defendants. | |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted January 11, 2023[**]
Pasadena, California

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

SFR Investments Pool 1, LLC (SFR) appeals from the district court's grant of summary judgment for Bank of New York Mellon (BNYM) in a quiet title and declaratory relief action involving residential property located in Las Vegas, Nevada. We have jurisdiction under 28 U.S.C. § 1291, review de novo, *Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017), and affirm.

This case arises from a foreclosure sale to satisfy a homeowners association (HOA) "superpriority lien" on the property. Nevada law provides that if a homeowner fails to pay a certain portion of HOA dues, the HOA is authorized to foreclose on a "superpriority lien" in that amount, extinguishing other liens and encumbrances on the delinquent property, including a previously recorded first deed of trust. *See* Nev. Rev. Stat. § 116.3116. However, a lender holding a first deed of trust may avoid extinguishment of its lien by tendering payment on the "superpriority" portion of the unpaid HOA dues. *See Bank of Am., N.A. v.*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

*Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 622–23 (9th Cir. 2019); *see also Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116–17 (Nev. 2018) (en banc) (*Diamond Spur*).

SFR's primary assertion on appeal is that BNYM's claim is untimely because it was not filed within three years of the foreclosure sale. This argument was rejected by the Nevada Supreme Court in *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 503 P.3d 299 (Nev. 2022), which held that Nevada's four-year catch-all statute of limitations applied to quiet title actions. *Id*. at 302.

As the statute of limitations issue is the only issue clearly developed on this appeal, we do not address any other arguments.

The district court's grant of judgment to BNYM is **AFFIRMED**.