NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NV WEST SERVICING, LLC, Trustee of Copper Pine Trust #12,<br><br>             Plaintiff-Appellant,<br><br>  v.<br><br>BANK OF AMERICA, NA,<br><br>             Defendant-Appellee. | No.    23-16097<br><br>D.C. No.<br>2:17-cv-00188-CDS-DJA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Submitted August 20, 2024[**]
San Francisco, California

Before: BRESS and VANDYKE, Circuit Judges, and LASNIK,[***] District Judge.

NV West Servicing, LLC, Trustee of Copper Pine Trust # 12 (NV West),

appeals the district court's order granting Bank of America's motion for summary

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

judgment on NV West's quiet title action regarding property located at 12 Copper Pine Avenue in North Las Vegas, Nevada. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Bank of America issued a mortgage and held a deed of trust for the property at issue. The property was purchased by NV West in a foreclosure sale in 2013, after the homeowner fell delinquent on homeowners' association (HOA) dues. Under Nevada law, if a homeowner fails to pay a certain portion of his HOA dues, the HOA is authorized to foreclose on a superpriority lien, which can extinguish other encumbrances, including a previously recorded first deed of trust. Nev. Rev. Stat. § 116.3116 (effective Oct. 1, 2009 – Dec. 31, 2011); *see also Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 621–22 (9th Cir. 2019). But the lender holding a first deed of trust may avoid extinguishment of its lien by either tendering payment of the superpriority portion of the unpaid dues, *id.*, at 623, or by presenting "evidence show[ing] that the party entitled to payment had a known policy of rejecting such payments." *7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 349 (Nev. 2020).

Here, NV West claims that Bank of America did not present evidence showing that the HOA had a policy of rejecting tender offers when it first began the process of foreclosing on the property, and thus Bank of America's lien was extinguished. But Bank of America presented evidence showing that Leach Johnson, the law firm

2

representing the HOA in this case, had a policy of rejecting tender offers from 2011 through 2013, when the property was purchased by NV West. NV West presented nothing to rebut that showing. Thus, the district court properly granted Bank of America's motion for summary judgment on this ground.

**AFFIRMED.**