NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BANK OF NEW YORK MELLON, FKA Bank of New York, as Trustee for the Certificate Holders of the CWABS Inc., Asset-Backed Certificates, Series 2006-22, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> SATICOY BAY SERIES 1218 COACH, <br><br> Defendant-Appellant, <br><br> and <br><br> MEWS HOMEOWNERS ASSOCIATION; HOMEOWNER ASSOCIATION SERVICES, INC.; VEGAS PROPERTY SERVICES, INC., <br><br> Defendants. | No. 19-17013 <br><br> D.C. No. 2:17-cv-00473-KJD-BNW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted April 13, 2021[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Pasadena, California

Before:  PAEZ and VANDYKE, Circuit Judges, and GLEASON,*** District Judge.

Saticoy Bay Series 1218 Coach (Saticoy Bay) appeals the district court's order granting summary judgment to Bank of New York Mellon (BNY Mellon), finding that BNY Mellon's predecessor preserved its deed of trust by tendering the superpriority amount prior to the Mews Homeowners Association's (HOA) foreclosure sale of a residential property.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the summary judgment order de novo, *Badgley v. United States*, 957 F.3d 969, 974 (9th Cir. 2020).  We affirm.

BNY Mellon sufficiently established that before the foreclosure sale HOA's agent, Homeowners Association Services, Inc. (HAS), received and rejected the bank's tender of $909.67, which covered nine months of unpaid HOA assessments and reasonable collection costs.[1]  By operation of law, the tender extinguished HOA's superpriority lien, and Saticoy Bay purchased the property subject to BNY Mellon's deed of trust.  *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018) (en banc), *as amended on denial of reh'g* (Nov. 13, 2018) ("*Diamond Spur*").

***The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

[1] The tender was effectuated by counsel for BNY Mellon's predecessor in the deed of trust.

Saticoy Bay's arguments are difficult to follow, but to the extent Saticoy Bay argues that *Diamond Spur* and *Arlington West* are distinguishable, those arguments fail. Saticoy Bay's bona fide purchaser argument has been rejected by the Nevada Supreme Court. *Diamond Spur*, 427 P.3d at 121. And contrary to Saticoy Bay's assertions, the tender letter's paid-in-full condition did not prevent it from being an effective tender. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) ("Bank of America was entitled to insist on the condition … that acceptance would satisfy the HOA's superpriority lien.").

Saticoy Bay's remaining arguments are without merit.[2]

**AFFIRMED**.[3]

---

[2] Saticoy Bay has been repeatedly admonished in other foreclosure cases for raising foreclosed arguments. *See Alessi & Koenig, LLC v. Saticoy Bay LLC Series 10250 Sun Dusk LN*, 804 F. App'x 475, 477–78 (9th Cir. 2020) ("Saticoy has other appeals pending before this court advancing these same, explicitly rejected arguments. The court cautions Saticoy against pursuing non-meritorious appeals."); *Ditech Fin. LLC v. Saticoy Bay LLC Series 829 Cornwall Glen*, 794 F. App'x 667, 669 (9th Cir. 2020) ("In light of the published cases foreclosing Saticoy's arguments, Saticoy and its counsel are warned not to raise such meritless arguments in the future."). Here again, Saticoy Bay presents arguments that have already been rejected by this court and the Nevada Supreme Court—this time about the effect of a party's tendering of the superpriority amount of a homeowners association lien. Saticoy Bay and its counsel are once again warned not to assert clearly meritless or foreclosed arguments in future appeals.

[3] HOA, HAS, and Vegas Property Services, Inc. did not participate in this appeal.