**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. BANK, N.A., As Trustee for the Holders of the Wmalt 2006-AR8 Trust, <br><br> Plaintiff-counter-defendant-Appellant, <br><br> v. <br><br> ALESSI & KOENIG, LLC; ANTELOPE CANYON HOMEOWNERS ASSOCIATION, <br><br> Defendants-Appellees, <br><br> SFR INVESTMENTS POOL 1, LLC, <br><br> Defendant-counter-claimant-cross-claimant-Appellee, <br><br> v. <br><br> NATIONSTAR MORTGAGE LLC; BANK OF AMERICA, NA, <br><br> Cross-claim-defendants-Appellants. | No. 20-17449 <br><br> D.C. No. 2:15-cv-01423-JCM-PAL <br><br> MEMORANDUM* |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted February 18, 2022[**]
San Francisco, California

Before: McKEOWN and W. FLETCHER, Circuit Judges, and BENNETT,[***] District Judge.

U.S. Bank, N.A., Nationstar Mortgage, LLC, and Bank of America, N.A. (collectively, "Banks") appeal from the district court's grant of summary judgment to SFR Investments Pool 1, LLC ("SFR") against the Banks in their quiet title action. Bank of America, N.A. ("Bank of America") held a deed of trust on the residential property at issue. The property is subject to the Covenants, Conditions, and Restrictions of the Antelope Canyon Homeowners Association ("HOA"). When the homeowner became delinquent on her HOA assessment payments, Alessi & Koenig, LLC ("A&K"), representing the HOA, foreclosed on the property. According to Miles, Bauer, Bergstrom & Winters LLP ("Miles Bauer"), which was retained by Bank of America, Bank of America sent a tender check for

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]    The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

$1,440 to A&K in an effort to satisfy the HOA's superpriority lien on the property. Miles Bauer's records showed that the check was returned.

On cross motions for summary judgment, the district court granted summary judgment to SFR. The court held that, in spite of the tender attempt, "SFR is entitled to a declaratory judgment that the Banks' first deed of trust was extinguished pursuant to the properly conducted foreclosure sale." The Banks appeal the grant of summary judgment to SFR and the denial of summary judgment to them.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1144 (9th Cir. 2018). We reverse the district court's grant of summary judgment to SFR and remand for further proceedings.

Bank of America's tender letter and check, had they been delivered, would have preserved its deed of trust on the property.

Under Nevada law, a homeowners' association has "a superpriority lien that, when properly foreclosed upon, extinguishes a first deed of trust." *7510 Perla Del Mar Ave Tr. v. Bank of America, N.A.*, 458 P.3d 348, 348 (Nev. 2020) (en banc) (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 409 (Nev. 2014)

(en banc)). The holder of a first deed of trust can, however, preserve its interest even in the face of an HOA foreclosure "by tendering the superpriority portion of the HOA's lien before the foreclosure sale is held." *Id.* (citing *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018) (en banc)). "The full superpriority amount consists of nine months of unpaid HOA dues and any unpaid charges for maintenance and nuisance abatement." *Bank of America, N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019); *accord SFR Invs.*, 427 P.3d at 117.

Here, Bank of America wrote a check for nine months of unpaid HOA dues at a rate of $160 per month. This is sufficient to tender the superpriority lien when "[t]he ledger d[oes] not indicate that the property had incurred any charges for maintenance or nuisance abatement." *Arlington*, 920 F.3d at 623; *accord SFR Invs.*, 427 P.3d at 118. In addition, the language that accompanied Bank of America's tender letter was not impermissibly conditional. *Arlington*, 920 F.3d at 623; *SFR Invs.*, 427 P.3d at 118; *Saticoy Bay LLC Series 133 McLaren v. Green Tree Servicing LLC*, 478 P.3d 376, 379 (Nev. 2020) (en banc). SFR is therefore not entitled to summary judgment. Accordingly, we reverse the decision of the district court in favor of SFR Investments Pool 1, LLC.

However, with respect to Bank of America's cross-motion for summary judgment, SFR properly raises a genuine dispute of material fact as to whether delivery of the tender check ever occurred.  Though the Banks have produced a screenshot suggesting that the check was delivered and then returned by A&K, other evidence indicates that the tender letter and check may not have been delivered.  A&K's records contain entries that reflect other communications with Miles Bauer but do not reflect receipt of a tender attempt.  Moreover, Miles Bauer's tender letter, unlike its other communications with A&K, does not contain a notation that it was "sent via first class mail."  In the face of this mixed evidence, summary judgment in favor of the Banks is not appropriate.  We therefore remand for further proceedings.

**REVERSED and REMANDED.**