**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| U.S. BANK, N.A., Successor Trustee to Wachovia Bank, National Association, as Trustee for the Holders of BANC of America Funding Corporation 2004-B Trust, | No. 19-16853 |
| | D.C. No. 2:16-cv-00899-GMN-BNW |
| Plaintiff-Appellee, | |
| v. | MEMORANDUM[*] |
| SFR INVESTMENTS POOL 1, LLC, | |
| Defendant-Appellant, | |
| and | |
| SUNRIDGE HEIGHTS HOMEOWNERS ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC., | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, District Judge, Presiding

Submitted January 11, 2023[**]
Pasadena, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

SFR Investments Pool 1, LLC (SFR), appeals from the district court's grant of summary judgment for U.S. Bank, N.A. (U.S. Bank) in a quiet title and declaratory relief action involving residential property located in Henderson, Nevada. We have jurisdiction under 28 U.S.C. § 1291, review de novo, *Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017), and affirm.

This case arises from a foreclosure sale to satisfy a homeowners association (HOA) "superpriority lien" on the property. Nevada law provides that if a homeowner fails to pay a certain portion of HOA dues, the HOA is authorized to foreclose on a "superpriority lien" in that amount, extinguishing other liens and encumbrances on the delinquent property, including a previously recorded first deed of trust. *See* Nev. Rev. Stat. § 116.3116. However, a lender holding a first deed of trust may avoid extinguishment of its lien by tendering payment on the "superpriority" portion of the unpaid HOA dues. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 622–23 (9th Cir. 2019); *see also Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116–17 (Nev. 2018) (en banc) (*Diamond Spur*).

SFR asserts that the only issue in this appeal is whether U.S. Bank's complaint was timely filed. In *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 503 P.3d 299 (Nev. 2022), the Nevada Supreme Court held that the Nevada four-year

2

catch-all statute of limitations applied to quiet title actions. *Id*. at 302. As the foreclosure sale took place in January 2013, and U.S. Bank filed its action in April 2016, the action was timely filed under *Thunder Properties*.

SFR, however, argues that *Thunder Properties* "did not definitively determine when the limitations period begins to run," and that the statute was triggered on November 5, 2011, the date U.S. Bank's tender was rejected.

SFR's argument is not a reasonable reading of *Thunder Properties*. There, the Nevada Supreme Court held that "the statute of limitations should not run against a lienholder until it has something closely analogous to 'notice of disturbed possession,' such as repudiation of the lien" and that "[t]he HOA foreclosure sale, standing alone, is not sufficient to trigger the period." 503 P.3d at 306. It further stated:

> Thus, an HOA foreclosure sale—standing alone—does not sufficiently call the bank's deed of trust into question to trigger the statute of limitations. It is more akin to "notice of an adverse claim" than "notice of disturbed possession" or "someone press[ing] an adverse claim." To rise to the level that would trigger the limitations period, something more is required.

*Id*. at 307. It is nonsensical to argue that the statute of limitations for an action challenging a nonjudicial foreclosure that allegedly severed a deed of trust from the real property commences before the foreclosure sale. The district court's judgment in favor of U.S. Bank is **AFFIRMED**.

3