**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NATIONSTAR MORTGAGE LLC,

      Plaintiff-counter-
      defendant-Appellee,

    v.

SFR INVESTMENTS POOL 1, LLC,

      Defendant-counter-claimant-
      Appellant.

No.   21-16690

D.C. No.
2:15-cv-00583-RCJ-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted January 11, 2023[**]
Pasadena, California

Before:  CALLAHAN, R. NELSON, and H.A. THOMAS, Circuit Judges.

SFR Investments Pool 1, LLC (SFR) appeals from the district court's grant

of summary judgment for Nationstar Mortgage LLC (Nationstar) in a quiet title

and declaratory relief action involving residential property located in Las Vegas,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Nevada. We have jurisdiction under 28 U.S.C. § 1291, review de novo, *Berezovsky v. Moniz*, 869 F.3d 923, 927 (9th Cir. 2017), and affirm.

This case arises from a foreclosure sale to satisfy a homeowners association (HOA) "superpriority lien" on the property. Nevada law provides that if a homeowner fails to pay a certain portion of HOA dues, the HOA is authorized to foreclose on a "superpriority lien" for that amount, extinguishing other liens and encumbrances on the delinquent property, including a previously recorded first deed of trust. *See* Nev. Rev. Stat. § 116.3116. However, a lender holding a first deed of trust may avoid extinguishment of its lien by tendering payment on the "superpriority" portion of the unpaid HOA dues. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 622–23 (9th Cir. 2019); *see also Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116–17 (Nev. 2018) (en banc) (*Diamond Spur*).

On appeal, SFR argues that: (1) Nationstar had the burden of proving the superpriority amount at the time of sale and delivering a sufficient amount of money; (2) the delinquent assessment amount may include charges for maintenance and nuisance abatement; (3) there is no evidence that the tender was delivered; (4) if tender was delivered, it was impermissibly conditional; and (5) Nationstar's argument that tender was excused as "futile" was improperly raised for the first time at summary judgment.

2

None of SFR's arguments are well taken.

First, Nationstar tendered a sufficient amount of money. There is no dispute that Nationstar's $1,200 tender exceeded the amount the borrower actually owed to the HOA. But SFR contends that Nationstar was required to tender $1,350, or nine months' worth of HOA assessments. SFR is incorrect. The superpriority amount is limited to the amount of money the borrower actually owed, including "*up to nine months of unpaid HOA dues.*" *SFR Invs. Pool 1 v. U.S. Bank, N.A.*, 334 P.3d 408, 409 (Nev. 2014) (emphasis added).

Second, even accepting that the superpriority portion of a HOA lien may include the costs of abatement or maintenance, *see, e.g.*, *Arlington W. Twilight Homeowners Ass'n*, 920 F.3d at 622, SFR does not allege that there were any such costs, nor does it identify any evidence of such costs in the record.

Third, the evidence does not permit a factual dispute as to whether tender was actually delivered. Nationstar provided the tender letter and an affidavit from the attorney who sent it; SFR has identified no contrary record evidence to create a factual dispute.

Fourth, tender was not impermissibly conditional. In *Arlington West Twilight Homeowners Association*, 920 F.3d at 623, we held that a tender offer with a letter similar to the one at issue here constituted a valid tender under Nevada law.

Finally, even if tender were ineffective here (and it was not), Nationstar would still prevail because any tender would have been futile. The Nevada Supreme Court has held that tender may be excused where the HOA's agent would have rejected tender. *7510 Perla Del Mar Ave., Tr. v. Bank of Am., N.A.*, 458 P.3d 348, 350 (Nev. 2020) (en banc). Here, SFR does not meaningfully dispute the district court's finding that the HOA's agent, Nevada Association Services, had a policy of categorically rejecting tender payments. Instead, it contends that Nationstar's futility argument could not be raised for the first time on summary judgment. But SFR ignores the procedural history of this case: following our earlier decision reversing and remanding this case to the district court, *Nationstar Mortgage LLC v. SFR Investments Pool 1, LLC*, 819 F. App'x 567 (9th Cir. 2020*)*, and prior to the operative summary judgment order, the district court "allowed for limited discovery to argue new issues based upon changes in Nevada law over the past five years." Under these circumstances, it was clearly appropriate for the district court to consider new arguments about the intervening changes in Nevada law concerning futility at the summary judgment stage. *Cf. United States v. Aguilera-Rios*, 769 F.3d 626, 631 (9th Cir. 2014).

The district court's grant of summary judgment in Nationstar's favor is **AFFIRMED**.

4