NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NEW PENN FINANCIAL, LLC, DBA
Shellpoint Mortgage Servicing; FEDERAL
HOME LOAN MORTGAGE
CORPORATION,

          Plaintiffs-Appellees,

  v.

RICARDO FOJAS,

          Defendant-Appellant,

 and

RIVERWALK RANCH MASTER
HOMEOWNERS ASSOCIATION,

          Defendant.

No. 21-16812

D.C. No. 2:17-cv-02167-APG-VCF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted August 15, 2023[**]

Before:    TASHIMA, S.R. THOMAS, and FORREST, Circuit Judges.

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ricardo Fojas appeals pro se from the district court's summary judgment in favor of the Federal Home Loan Mortgage Corporation ("Freddie Mac") and New Penn Financial, LLC in their action seeking to quiet title and for a declaratory judgment following a homeowners association ("HOA") foreclosure sale. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Fed. Home Loan Mortg. Corp. v. SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1144 (9th Cir. 2018). We affirm.

The district court properly granted summary judgment because the record shows that Freddie Mac preserved its deed of trust by tendering payment on the superpriority portion of the unpaid HOA dues. *See Bank of Am., N.A. v. Arlington W. Twilight Homeowners Ass'n*, 920 F.3d 620, 623 (9th Cir. 2019) ("The full superpriority amount consists of nine months of unpaid HOA dues and any unpaid charges for maintenance and nuisance abatement."); *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116, 119-21 (Nev. 2018) (en banc) (explaining that "a first deed of trust holder's unconditional tender of the superpriority amount due results in the buyer at foreclosure taking the property subject to the deed of trust," that recording of the tender is not required, and that a party's status as a bona fide purchaser "is irrelevant when a defect in the foreclosure proceeding renders the sale void"). Fojas's reliance on *Shadow Wood HOA v. N.Y. Cmty. Bancorp*, 366 P.3d 1105 (Nev. 2016), is misplaced.

The district did not abuse its discretion by denying Fojas's request for additional discovery under Federal Rule of Civil Procedure 56(d) because Fojas failed to specify the discovery he sought or show that it was essential to oppose summary judgment. *See* Fed. R. Civ. P. 56(d); *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 612, 619-20 (9th Cir. 2017) (setting forth standard of review and explaining that to prevail on a Rule 56(d) request, a party must state the specific facts it seeks in further discovery, and show that such facts exist and are "essential to oppose summary judgment" (citation and internal quotation marks omitted)).

We reject as without merit Fojas's contentions that the district court was required to weigh the equities or allow Fojas to cross-examine declarant Meyer.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**